## LUELLEN and Another *v.* HARE.

ALTERATION OF WRITTEN INSTRUMENT.—*Bill of Exchange.*—Where a person signs, as drawer, a form of a bill of exchange, blank as to the names of the drawee and payee, the date, the amount, and the place where payable, and delivers it to another, at the request and for the accommodation of the latter, and it is afterwards filled up as a promissory note, without the knowledge or consent of such signer, he is released from liability as maker or surety upon the note in the hands of the person chargeable with such alteration.

APPEAL from the Howard Common Pleas.

RAY, J.—The appellee brought this action on a promissory note, in form as follows:

"Exchange for $1,000. Indianapolis, Ind., Jan. 22, 1866. On or before the first day of May next, we pay to the order of M. L. Hare, one thousand dollars, at the Indianapolis Branch Bank, for value received, without any relief whatever from valuation or appraisement laws of the State of Indiana. "AUGUSTUS WEAVER,
"BENJAMIN LUELLEN,
"WILLIAM HANCOCK."

Luellen and Hancock answered; denying the execution of the instrument. The answer was sworn to. Weaver was defaulted. The jury found a general verdict for the appellee. They also returned special answers to interrogatories, as follows: "1st. Was the note sued on delivered to the defendant Weaver at his request and for his accommodation, in the form following, to wit:

"Exchange for $1,000. Kokomo, Ind., ———— 186 ..
"Pay to the order of ———— ———— dollars at ————, value received, without any relief whatever from valuation or appraisement laws of the State of Indiana.
"To ————. BENJAMIN LUELLEN,
———— WILLIAM HANCOCK?"
Answer.—"It was."
"2d. Did the plaintiff fill up the blank referred to in the first interrogatory in the form in which it now appears?"
Answer.—"He did."

" 3d. Did the defendants Luellen and Hancock have any knowledge of, or consent to, the filling up said blank by the plaintiff?"

Answer.—" They did not."

The appellants moved for judgment on the special finding, in disregard of the general verdict. The motion was overruled, and judgment was entered for the appellee.

In *Spitler, Adm'r*, v. *James*, at this term, *ante*, p. 202, we held, that when one affixed his signature to a blank form, he *prima facie* authorized the instrument to be filled as such forms are usually completed; that if the form was that of a promissory note, it might be filled either as a note recognized by our statute or by the common law, there being no special indications restricting it to either class, and that being so perfected, when in the hands of a *bona fide* holder, this *prima facie* presumption of authority could not be questioned.

The issue here presented is the converse of the one there discussed.. Can the party receiving such a blank form fill it up in a manner different from its tenor and legal effect?

Here, the form was a bill of exchange, signed by the appellants as drawers, and requesting the person to whom it should be addressed to pay to the order of —— $——, at ——.

This authorized the holder to fill the blank address, the date, amount, and the place where payable. The intent of the drawers was to assume a liability secondary to the party who should become the acceptor. As the form was filled, it imposed a primary liability upon the appellants, and one clearly not contemplated when they executed the instrument. There can be no question that the writing of words calculated to change the legal effect of other words already written, is, to all intent, as fully an alteration of the instrument as an erasure and substitution would be. Such alteration of course discharges the surety or maker, where, as in this case, it is done without his consent and the paper remains in the hands of the party chargeable with the altera-

tion. The motion for judgment on the special finding should have been sustained.

Judgment reversed, and cause remanded, with directions to the court below to enter judgment for the appellants. Costs here.

*D. Moss* and *C. E. Hendry*, for appellants.

*N. R. Linsday* and *J. A. Lewis*, for appellee.